THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| HOPE INTERNATIONAL HOSPICE, INC.<br><br>Plaintiff,<br><br>v.<br><br>NET HEALTH SYSTEMS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S [12] RULE 12(b)(6) MOTION TO DISMISS**<br><br>Case No. 2:22-cv-00656-DBB-DBP<br><br>District Judge David Barlow |

Defendant Net Health Systems, Inc.'s ("Net Health") moves to dismiss Plaintiff Hope International Hospice, Inc.'s ("Hope International") Complaint[1] under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Having considered the briefing and relevant law, the court finds that oral argument is not necessary to resolve the matter.[3] For the reasons below, the court grants Net Health's motion.

## BACKGROUND[4]

Hope International provides hospice services.[5] Net Health offers cloud-based software to post-acute care providers such as Hope International.[6] The two parties entered into a Subscription Agreement (the "Agreement").[7] Under the Agreement, Net Health's duties included

---

[1] Compl., ECF No. 2, filed Oct. 12, 2022.
[2] Rule 12(b)(6) Mot. to Dismiss & Supporting Mem. ("MTD"), ECF No. 12, filed Oct. 31, 2022.
[3] *See* DUCivR 7-1(g).
[4] "[F]or purposes of resolving a Rule 12(b)(6) motion, [courts] accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).
[5] Compl. ¶ 10.
[6] *Id.* ¶ 3.
[7] *Id.* ¶ 11. Net Health's predecessor-in-interest entered into the Agreement with Hope International. *Id.* ¶ 2.

1

billing, collecting payments from patients' insurers, processing and submitting claims to insurers, negotiating reimbursement rates, and managing the claims process through billing, adjudication, and collections.[8] Hope International agreed in turn to license Net Health's software and use it to submit reimbursement requests for their insurance claims.[9]

The Agreement contained the following provision as to Net Health's liability:

> [Hope International] agrees [Net Health] shall not be liable for any special, incidental, indirect, punitive, or consequential damages or for the loss of profit, revenue, or data arising out of the subject matter of this agreement, and that [Hope International]'s only remedy shall be a refund of fees paid not to exceed a period of ninety (90) days. [Net Health] shall not be liable for unauthorized access to or alteration, theft, or destruction of [Hope International]'s data files, programs, procedures or information through accident, fraudulent means or devices, or any other method.[10]

Either party could terminate the Agreement after giving five days' notice if "the other party default[ed] on any of its obligations" and the party did not correct the default within sixty days.[11]

Hope International alleges that starting in 2017, Net Heath began submitting inadequate reimbursements and failing to collect on invoices.[12] It contends it asked Net Health to correct its mistakes, but Net Health took no steps to fix the issues between 2019 and 2021.[13] Hope International asserts Net Health's gross negligence caused at least $1,933,469.18 in lost profits.[14]

After unsuccessful mediation, Hope International filed its Complaint on October 12, 2022.[15] It asserted six causes of action: breach of contract, breach of the covenant of good faith

---

[8] *Id.* ¶¶ 14–15.
[9] *Id.* ¶¶ 16–17.
[10] Subscription Agreement ("Agreement") ¶ 19, ECF No. 2-1, filed Oct. 12, 2022 (text altered from all capital letters). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider . . . attached exhibits . . . and documents incorporated into the complaint by reference[.]" *Smith*, 561 F.3d at 1098.
[11] Agreement ¶ 15.
[12] Compl. ¶ 18.
[13] *Id.* ¶¶ 20–21.
[14] *Id.* ¶ 22.
[15] *Id.* ¶ 23.

and fair dealing, gross negligence, negligent misrepresentation, promissory estoppel, and unfair business practices.[16] On October 31, 2022, Net Health filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[17] Hope International submitted an opposition on December 12, 2022.[18] Net Health replied on December 27, 2022.[19]

## STANDARD

"[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[20] "[T]he court first eliminates conclusory allegations, mere 'labels and conclusions,' and any 'formulaic recitation of the elements of a cause of action.'"[21] "The court then accepts as true all well-pled factual allegations and considers 'whether they plausibly give rise to an entitlement to relief.'"[22] The court "views all reasonable inferences in favor of the nonmoving party . . . and liberally construe[s] the pleadings."[23]

## DISCUSSION

Net Health seeks dismissal of all six claims for relief. Hope International stipulates to dismissal of the unfair business practices claim.[24] The court thus addresses the other five.[25]

---

[16] *Id.* ¶¶ 24–56.
[17] *See* MTD.
[18] Opp'n to Rule 12(b)(6) Mot. to Dismiss ("Opp'n"), ECF No. 24, filed Dec. 12, 2022.
[19] Def. Reply Mem. in Support of Mot. to Dismiss ("Reply"), ECF No. 27, filed Dec. 27, 2022.
[20] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[21] *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[22] *Id.* (quoting *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1159, 1175 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 1208 (2022)).
[23] *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1136 (10th Cir. 2023) (citation omitted).
[24] Opp'n 17.
[25] *See* Compl. ¶¶ 24–51 (breach of contract, breach of covenant of good faith and fair dealing, gross negligence, negligent misrepresentation, and promissory estoppel).

## I. Gross Negligence and Negligent Misrepresentation

Net Health contends the economic loss rule bars Hope International's gross negligence and negligent misrepresentation claims. "[T]he economic loss rule 'marks the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a duty of reasonable care.'"[26] It "has two complementary yet distinct applications."[27] The first application occurs when the parties have no contract. In that case, the rule "bars recovery of economic losses in negligence actions unless the plaintiff can show physical damage to other property or bodily injury."[28] Should a contract exist, and "a conflict arises between parties . . . regarding the subject matter of that contract, the contractual relationship controls, and parties are not permitted to assert actions in tort."[29]

Net Health argues Hope International alleges a breach of contractual duties. As such, it asserts Hope International cannot recover on tort actions.[30] For its part, Hope International contends the tort claims center on matters outside the Agreement's scope.[31] Since Hope International concedes the Agreement was a valid contract,[32] Hope International must "point to separate duties—one in contract and one in tort[.]"[33]

---

[26] *Sunridge Dev. Corp. v. RB & G Eng'g, Inc.*, 2010 UT 6, ¶ 28, 230 P.3d 1000.
[27] *HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, 2018 UT 61, ¶ 12, 435 P.3d 193.
[28] *Sunridge Dev.*, 2010 UT 6, ¶ 28.
[29] *Reighard v. Yates*, 2012 UT 45, ¶ 20, 285 P.3d 1168; *see Xat.com Ltd. v. Hosting Servs., Inc.*, No. 1:16-cv-00092, 2017 WL 449652, at *6 (D. Utah Feb. 2, 2017) ("It is axiomatic that the purpose of the economic loss rule is to prohibit [a party] from using tort to expand its recovery beyond the bargained-for risk in the [agreement].").
[30] MTD 11 (citing *Reighard*, 2012 UT 45, ¶ 21).
[31] Opp'n 14.
[32] Compl. ¶ 25.
[33] *Xat.com*, 2017 WL 449652, at *4.

### A. Hope International Has Not Shown any Independent Duty to Support its Gross Negligence Claim.

For its gross negligence claim, Hope International cites two purportedly independent duties. First, it alleges a duty to "implement protocols commonly practiced in the healthcare billing and collection industry, including verifying the accuracy of the claims submitted for the Services, and procedures to address and dispute any rejection of such claims."[34] Second, it alleges a duty to refrain from having "utter indifference to addressing errors and omissions despite being notified of such errors."[35]

The Agreement contemplated these alleged duties. Net Health agreed to "negotiat[e] with third party payers for rates of reimbursement, provide all billing and collection services, . . . submi[t] . . . claims whether hard copy or electronic to third party payers, [and] . . . follow[] . . . claims through billing, adjudication, and collections."[36] Net Health also handled "the billing and collection services for [Hope International]'s facility and/or agency."[37] The first purported duty—to implement protocols, verify claims, and address claim rejection—is encompassed by the contractual duty to provide billing and collection services, submit claims, and track claims. Hope International cites no authority that the alleged duty would exist at all outside of the contract.

As to the second purported duty, Hope International again has pleaded no independent duty owed by Net Health.[38] Hope International argues a breach arose from a duty to "adopt and

---

[34] Compl. ¶ 37.
[35] *Id.* ¶ 38.
[36] Agreement ¶ 15.
[37] *Id.*
[38] *See, e.g.*, *BMF Advance, LLC v. Litiscape, LLC*, No. 2:21-cv-00103, 2022 WL 14644642, at *11 (D. Utah Oct. 25, 2022).

implement protocols commonly practiced in the healthcare billing and collection industry."[39] But the Agreement outlined Net Health's charge to work with third-party payers and to supervise claims throughout billing, adjudication, and collection. These duties reasonably include the methods and processes necessary to do so. And, again, Hope International cites no authority recognizing this duty as existing independent of a contractual obligation.

### B. Hope International Has Not Shown a Separate Duty to Support its Negligent Misrepresentation Claim.

Net Health also contends the economic loss rule bars Hope International's negligent misrepresentation claim because no duty exists outside the Agreement.[40] Alternatively, it contends Hope International has not stated a necessary element for the claim: present misrepresentation as to an existing fact. Hope International responds that its claim rests upon a separate duty. It also argues the Complaint alleges a present intent to misrepresent facts.[41]

"Utah courts apply the economic loss rule to negligent misrepresentation claims."[42] A plaintiff may "assert a claim for negligent misrepresentation if it can establish that [the defendant] owed it an independent duty of care."[43] Thus, the economic loss rule bars recovery if the negligent misrepresentation claim implicates a duty overlapping with one set forth in the Agreement.[44] Hope International alleges that after it confronted Net Health about its failures, Net

---

[39] Compl. ¶ 37.
[40] MTD 13 (citing *HealthBanc Int'l*, 2018 UT 61, ¶¶ 21–22).
[41] Opp'n 15.
[42] *Se. Directional Drilling, LLC v. Kern River Gas Transmission Co.*, No. 2:11-cv-1035, 2013 WL 209492, at *2 (D. Utah Jan. 17, 2013).
[43] *Id.*; *see Goodwin v. Hole No. 4*, No. 2:06-cv-00679, 2006 WL 3327990, at *7 (D. Utah Nov. 15, 2006) ("The court must first inquire if a duty exists independent of any contractual obligations between the parties." (citing *Hermansen v. Tasulis*, 2002 UT 52, ¶ 17, 48 P.3d 235)).
[44] *Thorp v. Charlwood*, 2021 UT App 118, ¶ 22, 501 P.3d 1166, *cert. denied*, 509 P.3d 198 (Utah 2022) (citing *Reighard*, 2012 UT 45, ¶ 21).

Health represented it would cure the defects and resubmit the denied claims.[45] Yet Net Health's representations were not separate promises.[46] The Agreement foresaw such duties. Net Health agreed to provide "all billing and collection services, the submission of claims . . . , [and to] follow[] claims through billing, adjudication, and collections."[47] These duties reasonably included the need to cure and resubmit claims as needed. Consequently, Net Health's representations were affirmations that it would comply with its duties pursuant to the Agreement.

In conclusion, Hope International identifies no independent duty outside the Agreement. It merely alleges that gross negligence stemmed from Net Health's "failure to comply with [its] contractual duties under the [Agreement]."[48] That is not enough. The economic loss rule bars the torts claims because they are not based on duties separate from the contract. As a result, it is not necessary to determine whether Hope International plausibly alleges a "false representation concerning a presently existing fact[.]"[49] The court dismisses without prejudice the gross negligence and negligent misrepresentation claims.

## II. Breach of Contract

The parties concur the Agreement was "a valid and enforceable contract."[50] Net Health argues, however, Hope International's only remedy is ninety days' worth of fees paid.[51] Since Hope International seeks compensatory damages for lost revenue,[52] Net Health contends the

---

[45] Compl. ¶ 41.
[46] *See* Opp'n 6.
[47] Agreement ¶ 15.
[48] *Preventive Energy Sols., LLC v. nCap Ventures 5 LLC*, No. 2:16-cv-809, 2017 WL 87028, at *9 (D. Utah Jan. 10, 2017).
[49] *Graystone Funding Co. v. Network Funding, L.P.*, No. 2:19-cv-00383, 2022 WL 1073796, at *15 (D. Utah Apr. 8, 2022) (citing *Smith v. Frandsen*, 2004 UT 55, ¶¶ 9–11, 94 P.3d 919).
[50] Compl. ¶ 25; *see* MTD 14.
[51] MTD 7 (quoting Agreement ¶ 19).
[52] *See* Compl. ¶¶ 22, 29–30.

court should dismiss the claim.[53] Hope International offers three arguments in response.[54] First, it contends the Agreement's "Limitation of Liability" provision is ambiguous and cannot expressly waive liability.[55] It next argues the provision is unenforceable as to waiving liability for gross negligence.[56] And it contends a Rule 12(b)(6) motion is improper where the only dispute is over the amount of damages.[57]

The court initially looks to the waiver provision's plain language.[58] The provision first states: "[Net Health] shall not be liable for any special, incidental, indirect, punitive, or consequential damages or for the loss of profit [or] revenue . . . arising out of the subject matter of this agreement, . . . and [the] only remedy shall be a refund of fees paid not to exceed a period of ninety (90) days."[59] As a general matter, "the common law disfavors agreements that indemnify parties against their own negligence . . . ."[60] "Although [courts] respect the ability of two parties bargaining at arm's length to agree that one party may waive its ability to sue . . . before any injury is suffered, such arrangements are unenforceable unless they are clear and unmistakable about both parties' intentions."[61]

In short, the issue is whether the provision is ambiguous. A contract may be "facially ambiguous if its terms are 'capable of more than one reasonable interpretation because of

---

[53] MTD 7.
[54] Compl. ¶¶ 19–22, 27–30.
[55] Opp'n 5.
[56] *See id.* at 7 ("A party may not contract to limit its liability for harm caused by its own gross negligence.").
[57] *Id.* at 12.
[58] *UDAK Props. LLC v. Canyon Creek Com. Ctr. LLC*, 2021 UT App 16, ¶ 14, 482 P.3d 841, *cert. denied sub nom. UDAK Props v. Canyon Creek*, 509 P.3d 768 (Utah 2022). The parties assented to Utah law. Agreement ¶ 21.
[59] Agreement ¶ 19.
[60] *Finken v. USA Cycling, Inc.*, No. 1:17-cv-00079, 2020 WL 2926661, at *3 (D. Utah June 3, 2020) (quoting *Hawkins v. Peart*, 2001 UT 94, ¶ 14, 37 P.3d 1062, *superseded by statute on other grounds*, Utah Code § 78B-4-201 to -203); *see Jankele v. Tex. Co.*, 54 P.2d 425, 427 (Utah 1936) ("[N]o person may contract against his own negligence.").
[61] *Cunningham*, 2022 UT 8, ¶ 14.

uncertain meanings of terms, missing terms, or other facial deficiencies.'"[62] "[A] reasonable interpretation is an interpretation that cannot be ruled out, after considering the natural meaning of the words in the contract provision in context of the contract as a whole, as one the parties could have reasonably intended."[63]

Hope International argues "reasonable minds could disagree as to what the liability provision waives."[64] But here, the provision's language is clear. It limits Hope International to one remedy—ninety days' worth of fees.[65] Hope International does not offer any other reasonable interpretation that could make this plain provision ambiguous. The court will not rewrite the Agreement to "make a better contract for the parties than they have made for themselves."[66]

Next, Hope International contends the provision's mention of no liability for specific acts means the provision is ambiguous. It claims that "[h]ad the parties intended to release [Net Health] from liability for pre-injury negligence, it would have been easy to add that language into the contract."[67] Yet Hope International offers no authority for the proposition that courts should look outside a contract's four corners to determine if the language is ambiguous. To the contrary, "[i]f the language within the four corners of the contract is unambiguous, the parties'

---

[62] *Mind & Motion Utah Invs., LLC v. Celtic Bank Corp.*, 2016 UT 6, ¶ 24, 367 P.3d 994 (citation omitted).
[63] *Brady v. Park*, 2019 UT 16, ¶ 55, 445 P.3d 395.
[64] Opp'n 6.
[65] Agreement ¶ 19.
[66] *Rio Algom Corp. v. Jimco Ltd.*, 618 P.2d 497, 505 (Utah 1980); *see Schurtz v. BMW of N. Am., Inc.*, 814 P.2d 1108, 1119 (Utah 1991) (Stewart, J., concurring and dissenting) ("[The] purpose of the courts in contractual disputes is not to rewrite contracts by ignoring parties' intent; rather it is to interpret the existing contract as fairly as possible when all events did not occur as planned." (quoting *AES Tech. Sys., Inc. v. Coherent Radiation*, 583 F.2d 933, 941 (7th Cir. 1978))).
[67] Opp'n 6.

intentions are determined from the plain meaning of the contractual language[.]"[68] It is of no moment that the Agreement could have included certain language, or that agreements elsewhere discuss breach of warranty or negligence.[69]

Additionally, Hope International argues the provision waives only the actions listed in the second sentence such as theft of data files.[70] Yet the recitation of specific acts does not qualify the previous statement about no liability for lost profits or revenue.[71] The first sentence plainly says the only remedy available for anything "arising out of the subject matter of this agreement" is "a refund of fees paid not to exceed a period of ninety (90) days."[72] The second sentence clearly excludes all liability for "unauthorized access to or alteration, theft or destruction" of data.[73] The two sentences are distinct and have independent meaning.[74] For these reasons, the court finds no ambiguity. The provision plainly excludes Hope International's recovery for lost profits and revenue.

Last, Hope International contends that while other provisions "contemplate and expressly refer to a limitation of liability even in the event of a wrongful act by the party entering into the contract, the [provision] here does not."[75] Yet the provision here expressly excludes, among

---

[68] *See In re W. Ins.*, 2022 UT 38, ¶ 35, 521 P.3d 851 (quoting *Cent. Fla. Invs., Inc. v. Parkwest Assocs.*, 2002 UT 3, ¶ 12, 40 P.3d 599)).
[69] Opp'n 6–7 (citing *Blaisdell v. Dentrix Dental Sys., Inc.* 2012 UT 37, ¶ 2, 284 P.3d 616; *Wallace Inv. Ltd. P'ship v. Lone Peak Dev. Partners LLC*, No. 2:10-cv-00610, 2014 WL 1917542, at *1 (D. Utah May 13, 2014)).
[70] Agreement ¶ 19 ("unauthorized access to or alteration, theft or destruction of the customer's data files, programs, procedures or information through accident, fraudulent means or devices, or any other method").
[71] *See, e.g.*, *Ellis v. La Val Enters. Ltd.*, 2022 UT App 139, ¶ 30, 523 P.3d 208 (citing Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 183 (2012)).
[72] Agreement ¶ 19.
[73] *Id.*
[74] *See Natan's Trading, Ltd. v. Energizer Holdings, Inc.*, No. 2:19-cv-00587, 2020 WL 5413230, at *4 (D. Utah Sept. 9, 2020) ("It is well settled that effect should be given, if possible, to every word, phrase, clause, and sentence of a contract." (quoting *Cities Serv. Gas Co. v. Kelly-Dempsey & Co.*, 111 F.2d 247, 249 (10th Cir. 1940))).
[75] Opp'n 7.

other damages, liability for punitive damages. Punitive damages are only available in the event of a wrongful act,[76] so the distinction Hope International suggests is not supported.

The court next turns to the contention that the Agreement is unenforceable as to gross negligence.[77] Hope International first contends its breach of contract claim is based on gross negligence. Then, it argues public policy bars a party from contracting against its own gross negligence.[78] As such, it asserts the provision cannot shield Net Health from liability.

As explained above, Hope International does not plausibly allege a claim for gross negligence due to the economic loss rule. In any event, the cases Hope International cites in support are factually inapposite.[79] For these reasons, Hope International's argument that the provision cannot waive liability for gross negligence does not save its claims.

Finally, Hope International contends its allegation of damages "in the amount of the Claim" suffices at the motion-to-dismiss stage.[80] But the term "Claim" has a narrow meaning for purposes of the Complaint: compensatory damages for $1,933,469.18 in *lost profits*.[81] The Complaint makes no mention of "refund of fees paid[.]"[82] Thus, it has not stated a viable remedy for its breach of contract claim. The court's "broad reading of the . . . complaint does not relieve

---

[76] *See Nassi v. Hatsis*, 2023 UT App 9, ¶ 48 (citing Utah Code § 78B-8-201(1)(a)).
[77] Opp'n 7.
[78] *Id.* at 8; *see Penunuri v. Sundance Partners, Ltd.*, 2011 UT App 183, ¶ 7, 257 P.3d 1049 ("[G]enerally, 'those who are not engaged in public service may properly bargain against liability for harm caused by their ordinary negligence in performance of [a] contractual duty; but such an exemption is always invalid if it applies to harm . . . caused by gross or wanton negligence.'" (citation omitted)).
[79] *See Penunuri*, 2011 UT App 183, ¶ 10 (pre-injury exculpatory clause); *Xat.com*, 2017 WL 449652, at *8 (finding the contract provision was "[a]t best, . . . ambiguous" and reasoning that one month of fees was a "ridiculously nominal sum"); *Milne v. USA Cycling Inc.*, 489 F. Supp. 2d 1283, 1285 (D. Utah 2007), *aff'd*, 575 F.3d 1120 (10th Cir. 2009) (pre-event agreement releasing defendants from "all liability for injuries or death").
[80] Opp'n 12; Compl. ¶ 29.
[81] Compl. ¶¶ 14, 18, 22, 30.
[82] Agreement ¶ 19.

[Hope International] of the burden" of alleging an entitlement to a viable remedy.[83] Under the Agreement, lost profits are excluded, and a refund of fees is the only bargained-for remedy available.[84] The court dismisses the breach of contract claim without prejudice.

### III. Breach of the Covenant of Good Faith and Fair Dealing

Net Health moves to dismiss the breach of the implied covenant of good faith and fair dealing. It contends the covenant is inapplicable.[85] Hope International argues the parties had an implied duty to "not do anything to injure the other party's right to receive the benefits of the contract."[86] It claims Net Health breached the covenant by "by concealing its failures and omissions in processing reimbursements and by preventing [Hope International] from accessing information necessary to address [Net Health]'s shortcomings."[87]

The "duty of good faith and fair dealing 'inhere[s] in *every* contractual relationship[.]'"[88] Still, the "reach of the implied covenant of good faith and fair dealing extends no further than the purposes and express terms of the contract."[89] In other words, "a court may not enforce asserted rights not supported by the contract itself."[90]

---

[83] *Brundage v. Vandam*, No. 1:22-cv-00130, 2023 WL 2221087, at *2 (D. Utah Feb. 24, 2023) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).
[84] *See dOTERRA Int'l, LLC v. Kruger*, 2021 UT 24, ¶ 12, 491 P.3d 939 ("Generally, parties 'not engaged in public service may properly bargain against liability for harm caused by their ordinary negligence in performance of contractual duty[.]'" (quoting *Russ v. Woodside Homes, Inc.*, 905 P.2d 901, 904 (Utah Ct. App. 1995))).
[85] MTD 7.
[86] Opp'n 12 (quoting *Eggett v. Wasatch Energy Corp.*, 2004 UT 28, ¶ 14, 94 P.3d 193).
[87] *Id.* at 13 (citing Compl. ¶¶ 33–34).
[88] *Sanders v. Progressive Preferred Ins.*, No. 2:21-cv-00146, 2023 WL 356437, at *4 (D. Utah Jan. 23, 2023) (quoting *Beck v. Farmer Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985) (emphasis added)).
[89] *Triple J Parking Inc. v. SCSB LLC*, 2018 UT App 162, ¶ 16, 436 P.3d 185 (quoting *Smith v. Grand Canyon Expeditions Co.*, 2003 UT 57, ¶ 22, 84 P.3d 1154).
[90] *Ted R. Brown & Assocs., Inc. v. Carnes Corp.*, 753 P.2d 964, 970 (Utah Ct. App. 1988); *see Wallace Inv.*, 2014 WL 1917542, at *8.

Here, the Agreement explicitly states Net Health is not liable for "*any* special, incidental, indirect, punitive, or consequential damages or for the loss of profit, revenue, or data *arising out of the subject matter of this agreement*[.]"[91] The waiver provision was a "bargained-for term of the express and integrated written agreement."[92] The court "will not interpret the implied covenant of good faith and fair dealing to make a better contract for the parties than they made for themselves."[93]

In sum, "[t]he court declines [Hope International]'s invitation to unilaterally impose a new condition in the contract for which the parties did not bargain."[94] The court therefore dismisses the breach of the covenant of good faith and fair dealing claim without prejudice.

## IV. Promissory Estoppel

Finally, Net Health contends Hope International fails to state a claim for promissory estoppel. Since a claim for promissory estoppel presumes detrimental reliance on a noncontractual promise, Net Health argues the claim for promissory estoppel fails.[95] Hope International agrees promissory estoppel applies in the absence of an enforceable contract.[96] It argues, however, it may plead in the alternative and in the event that Net Health later asserts that its subsequent promise to address claim discrepancies falls outside of the Agreement.[97]

---

[91] Agreement ¶ 19 (emphases added).
[92] *Wallace Inv.*, 2014 WL 1917542, at *8.
[93] *Brown v. Moore*, 973 P.2d 950, 954 (Utah 1998).
[94] *Behav. Med. Consulting, LLC v. CHG Cos.*, No. 2:19-cv-00967, 2022 WL 889030, at *4 (D. Utah Mar. 25, 2022); *see Rio Algom*, 618 P.2d at 505.
[95] MTD 14 (emphasis removed) (quoting *Ogden Reg'l Airport Ass'n v. Ogden City Airport*, No. 1:21-cv-00075, 2022 WL 103792 at *5 (D. Utah Jan. 11, 2022)).
[96] Opp'n 16.
[97] *Id.* at 17.

"Promissory estoppel 'arises in instances where no formal contract exists.'"[98] It "is a broad[] doctrine that can be utilized as an alternative theory of recovery 'in the absence of a contract' when the plaintiff 'detrimentally relied on a promise[.]'"[99] By the same token, where there is "an enforceable contract governing the rights and obligations of the parties relating to the conduct at issue," equitable remedies are not available.[100]

"Of course, a plaintiff who believes it is entitled to relief under a contract is free to assert both breach of contract and promissory estoppel claims in a complaint."[101] Utah's pleading rule allows litigants to "plead alternative or inconsistent theories of recovery."[102] Even so, "the plaintiff must still sufficiently plead facts to support each of the claims asserted in the Complaint."[103] This means Hope International must plead that the contract was invalid or that Net Health's subsequent promises concerned matters outside of the Agreement.

Hope International does not allege that the Agreement was invalid. To the contrary, it affirms the Agreement was a "valid and enforceable contract."[104] It alleges instead that Net Health made promises distinct from the contract. In particular, it pleads Net Health "represented it would take adequate steps to address the discrepancies and would re-submit and litigate any

---

[98] *Ward v. McGarry*, 2022 UT App 62, ¶ 15, 511 P.3d 1213, *reh'g denied* (July 6, 2022) (quoting *Youngblood v. Auto-Owners Ins.*, 2007 UT 28, ¶ 18, 158 P.3d 1088).
[99] *Youngblood*, 2007 UT 28, ¶ 19 n.10 (citation omitted); *see Mile High Indus. v. Cohen*, 222 F.3d 845, 859 (10th Cir. 2000) ("'[P]romissory estoppel' is an affirmative cause of action or defense, which arises in instances where no formal contract exists and the party seeking promissory estoppel is attempting to prove the existence of an enforceable promise or agreement.").
[100] *IHC Health Servs., Inc. v. Meritain Health, Inc.*, No. 2:19-cv-00861, 2022 WL 16701908, at *6 (D. Utah Nov. 3, 2022) (quoting *Ashby v. Ashby*, 2010 UT 7, ¶ 14, 227 P.3d 246); *see E & H Land, Ltd. v. Farmington City*, 2014 UT App 237, ¶ 29, 336 P.3d 1077 ("[P]romissory estoppel is available only to a party who has no right to relief under an enforceable contract.").
[101] *E & H Land*, 2014 UT App 237, ¶ 30.
[102] *Wilkerson v. Duchesne Cnty. Sch. Dist.*, No. 2:20-cv-00099, 2021 WL 7162116, at *5 (D. Utah Apr. 29, 2021) (citing Utah R. Civ. P. 8(e)).
[103] *ClearOne, Inc. v. RSM US LLP*, No. 2:16-cv-00736, 2017 WL 923949, at *10 (D. Utah Mar. 6, 2017) (citing *Iqbal*, 556 U.S. at 678).
[104] Compl. ¶ 25.

rejected claims."[105] But such reassurances relate to matters within the contract's scope. The Agreement assigned Net Health certain duties: managing the billing and collecting process, negotiating for reimbursement, submitting claims, and supervising the claims process.[106] In essence, Net Health merely assured Hope International that it would do its job. Hope International has thus not plausibly pleaded that Net Health's promises created a separate duty.[107]

Additionally, Hope International contends Net Health may later claim that the Agreement did not cover its subsequent promises and so the court should allow the pleading in the alternative. This argument is not plausible. Much of Net Health's arguments depend on the claim that it has *not* made promises apart from the Agreement.[108] For these reasons, a separate claim for promissory estoppel is not available and the court dismisses the claim without prejudice.

## ORDER

Accordingly, the court GRANTS Defendant's Rule 12(b)(6) Motion to Dismiss.[109] The court DISMISSES the Complaint[110] without prejudice. If it has good cause for doing so, Plaintiff may seek leave to amend within sixty (60) days of this Memorandum Decision and Order.

---

[105] *Id.* ¶ 47.
[106] Agreement ¶ 15.
[107] *See David Early Grp., Inc. v. BFS Retail & Com. Operations, LLC*, No. 2:06-cv-277, 2008 WL 222674, at *10 (D. Utah Jan. 25, 2008) ("To the extent that [plaintiff] alleges it has been harmed by [defendant]'s conduct, its legal remedy is based on the contracts themselves and it cannot pursue equitable claims for . . . promissory estoppel.").
[108] *See* MTD 9–15.
[109] ECF No. 12.
[110] ECF No. 2.

Signed March 9, 2023.

BY THE COURT

David Barlow
United States District Judge



...

Signed March 9, 2023.

BY THE COURT

_____
David Barlow
United States District Judge