Paul R. Smith (USB #14325)
Parsons, Behle & Latimer
201 S Main St #1800
Salt Lake City, UT 84111
801-536-6941
psmith@parsonsbehle.com

John J. Myers (admitted Pro Hac Vice)
Eckert Seamans Cherin & Mellott LLC
44th Floor, 600 Grant Street
Pittsburgh, PA 15219
412-566-5900
jmyers@eckertseamans.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

HOPE INTERNATIONAL HOSPICE, INC.,

Plaintiff,

v.

NET HEALTH SYSTEMS, INC.,

Defendant.

**DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Case No. 2:22-cv-00656-DBB

Judge David Barlow

Defendant moves for an order enforcing a settlement agreement reached by the parties on March 27, 2023, whereby the Plaintiff would waive filing of an amended complaint and the parties would stipulate to the dismissal of the Complaint with prejudice, each party to bear its own costs. In support hereof, Defendant offers the Declaration of Counsel attached hereto as Exhibit A attesting the truth of the facts stated below, and avers as follows:

1. On March 9, 2023, this Court filed a Memorandum Decision and Order granting Defendant's Rule 12 (b)(6) Motion to Dismiss, giving Plaintiff sixty days to seek leave to amend, if it has good cause for doing so. (Dkt. No. 30)

2. On March 17,[1] counsel for Plaintiff emailed counsel for Defendant proposing "a mutual walk-away with each party to bear their own costs and fees, in exchange for [Plaintiff] waiving its right to an amendment or appeal." The email exchanges on March 17 are attached as Exhibit B.

3. On March 20, counsel for Net Health replied and informed counsel for Plaintiff that "Net Health would agree to this walk-away deal," and asked if Plaintiff's counsel wanted to draft a document. It was specified that: "The dismissal must be with prejudice." On the same date, counsel for Plaintiff replied: "We'll send over a draft shortly." A copy of this email exchange is attached as Exhibit C.

4. On March 21, counsel for Plaintiff forwarded to counsel for Defendant a Settlement Agreement, a Stipulated Motion to Dismiss with Prejudice and a Proposed Order. The email requested: "Please redline and return any changes you might have. Otherwise, please return signed documents and we'll handle the filing." A copy of the March 21 email and the attachments are attached as Exhibit D.

5. On March 27, counsel for Defendant returned a signed Settlement Agreement to counsel for Plaintiff accepting Plaintiff's settlement offer with no revisions. Counsel for Plaintiff replied on the same date that he would return a countersigned copy of the Agreement. This exchange is attached hereto as Exhibit E. The signed Agreement is Exhibit F. The Agreement

[1] All dates mentioned herein are in 2023.

includes a release of Net Health by HIH of all liability associated with the relationship between the parties "known or unknown." *Id*. ¶2.

6. On March 30, counsel for Plaintiff telephoned Defendant's counsel and followed up with an email asking about accessibility of Plaintiff's "data," and stating that they would like to add a paragraph to the agreement about accessibility of the data. Defendant's counsel replied on April 6 that Defendant had sold its hospice business to Careficient, Inc. and that Careficient is in possession of the data and had confirmed its availability. Defendant's counsel provided Plaintiff's counsel with contact information at Careficient. These email exchanges are attached as Exhibit G.

7. On May 8, without any further communications between the parties, Plaintiff filed in this Court a Motion for Leave to File an Amended Complaint. (Dkt. 31)

8. Plaintiff's March 21 offer and Defendant's March 27 acceptance formed a contract whereby this litigation was settled. Plaintiff's filing of a Motion for Leave to Amend is a breach of the Settlement Agreement, resulting in Defendant's incurring legal fees and expenses.

Defendant prays for an Order enforcing the Settlement Agreement, denying the Motion for Leave to Amend, awarding Defendant its costs and fees incurred as a result of Plaintiff's breach of the Settlement Agreement, and dismissing the case with prejudice.

**ARGUMENT**

This court has the authority to summarily enforce a settlement agreement entered into by the parties in the course of pending litigation. *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993), *Echevarria v. Logan City,* Case No. 1:22-cv-00075 DAO, 2023 WL 1821945 at *2 (D. Utah Feb. 8, 2023).

"Settlement agreements are governed by the rules applied to general contract actions." *Patterson v. Knight*, 2017 UT App 22, ¶ 6, 391 P.3d 1075. "A binding contract exists where it can be shown that the parties had a meeting of the minds as to the integral features of the agreement and that the terms are sufficiently definite as to be capable of being enforced." *Id.* ¶ 6 (cleaned up); *see also Park Property Management LLC v. G6 Hospitality Franchising LLC*, 2022 UT App 75 ¶ 21, 514 P.3d 148. "Contract formation requires two necessary elements: offer and acceptance." *McKelvey v. Hamilton,* 2009 UT App 126 ¶ 28, 211 P.3d 390, 397; *see also 1–800 Contacts, Inc. v. Weigner,* 2005 UT App 523, ¶ 2, 127 P.3d 1241.

The fact That one or even both of the parties have not signed the agreement does not defeat contract formation. *See McKelvey*, 2009 UT App 126, ¶ 31.

> It is a basic principle of contract law that agreements are enforceable even though there is neither a written memorialization of that agreement nor the signatures of the parties. If a written agreement is intended to memorialize an oral contract, a subsequent failure to execute the written document does not nullify the oral contract. Therefore, it is of no legal consequence that the parties have not signed a settlement agreement.

*Id.* (cleaned up). The foregoing established principles of contract law were applied by this court in a context quite similar to the present case involving an offer and acceptance of a walk away settlement, with the court's reasoning as follows:

> Here, G6 Hospitality extended a "walk-away" offer to Park Property. Park Property's counsel called G6 Hospitality's counsel to accept that offer, and each party's counsel memorialized that phone call in an email, stating that both parties had agreed to the "walk-away" offer and to dismiss all claims with prejudice. The material terms of the settlement were set forth in Park Property's own November 20 email: "We have agreed to settle by each party agreeing to release the other for all claims that were or could have been asserted and each paying its own attorneys' fees and costs." These terms constitute the integral features of the settlement agreement and are sufficiently definite as to be capable of being enforced.

*Property Management*, 2022 UT App 75, ¶ 22.

This case presents as clear a case of an offer and acceptance as one can postulate, short of having two signatures on the Settlement Agreement. Plaintiff's counsel actually drafted the Agreement which Net Health signed and returned without changing a word. Indeed, Plaintiff's counsel received the signed Agreement and gave the assurance that a countersigned Agreement would be forthcoming. The parties unquestionably concluded a settlement agreement which Defendant is entitled to enforce.

Paragraph 1.A of the Settlement Agreement, as drafted by counsel for Plaintiff, states that:

> HIH agrees waive any and all right to amend its complaint in the ACTION or seek appeal of the March 9, 2023, order, and to dismiss the ACTION with prejudice. HIH agrees to cause to execute the Stipulated Motion to Dismiss attached hereto as **Exhibit A**, concurrent herewith.

Plaintiff's filing of a Motion for Leave to Amend is a clear breach the Settlement Agreement. As a direct and foreseeable result of that breach, Defendant has incurred the costs of filing for enforcement of the Agreement and defending against the Motion. Moreover, the Subscription Agreement itself provides for counsel fees, as follows:

> The prevailing party in any mediation, arbitration or litigation shall be entitled to seek an award of its reasonable attorney's fees and costs incurred in connection with such dispute. This provision shall be construed as applicable to the entire Agreement.

Subscription Agreement, Exhibit A to Complaint, ¶ 26.

Defendant requests, therefore, that the Court enter an order enforcing the Settlement Agreement and awarding Defendant its attorneys' fees and expenses. Defendant will file a fee petition within a reasonable time after the order is filed.

Respectfully submitted this 17th day of May 2023.

PARSONS BEHLE & LATIMER

/s/ *Paul R. Smith*
Paul R. Smith

ECKERT SEAMANS CHERIN & MELLOTT LLC

/s/ *John J. Myers*
John J. Myers

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of May 2023, I caused a true and correct copy of the foregoing DEFENDANT'S Motion to Enforce Settlement Agreement to be served via the court's electronic filing system on the following:

Engels J. Tejeda
Kody L. Condos
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84111

Kasey Diba
Mathew Sichi
FINNEGAN & DIBA, A LAW CORPORATION
3660 Wilshire Boulevard, Suite 800
Los Angeles, CA 90010

/s/ *Paul R. Smith*