**Paul Smith**

| | |
|---|---|
| **From:** | Matt Sichi <msichi@fdlegal.com> <msichi@fdlegal.com> |
| **Sent:** | Tuesday, March 21, 2023 11:23 AM |
| **To:** | John J. Myers; Paul Smith |
| **Cc:** | Kasey Diba, Esq.; Rosalyn Truong; Engels J. Tejeda; Kody L. Condos |
| **Subject:** | [EXTERNAL] RE: HIH v. Net Health - CONFIDENTIAL SETTLEMENT COMMUNICATIONS |
| **Attachments:** | 20230321 (Proposed) Order Granting Motion to dismiss with prejudice[21142518v1].DOCX; 20230321 Stipulation for Dismissal[21142519v1].DOCX; 20230321 Settlement Agreement.docx |

John and Paul,
Please find the attached Word versions of:

1. Settlement Agreement
2. Stipulated Motion to Dismiss with Prejudice
3. [Proposed] Order

Please redline and return any changes you might have. Otherwise, please return signed documents and we'll handle the filing.

Best,
Matt

---

**From:** John J. Myers <JMyers@eckertseamans.com>
**Sent:** Monday, March 20, 2023 7:48 AM
**To:** Matt Sichi <msichi@fdlegal.com>; 'psmith@parsonsbehle.com' <psmith@parsonsbehle.com>
**Cc:** Kasey Diba, Esq. <kdiba@fdlegal.com>; Rosalyn Truong <Rtruong@fdlegal.com>; Engels J. Tejeda <EJTejeda@hollandhart.com>; Kody L. Condos <KLCondos@hollandhart.com>
**Subject:** RE: HIH v. Net Health - CONFIDENTIAL SETTLEMENT COMMUNICATIONS

Net Health would agree to this walk-away deal. Do you want to draft a document? The dismissal must be with prejudice.




**John J. Myers**
Member
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor | Pittsburgh, PA 15219
412-566-5900 | 412-566-6099 | 412-302-4815
JMyers@eckertseamans.com
BIO: VCARD: |
*Celebrating 65 years of dedicated community & client service*

This email message and any files transmitted with it may be subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this email message in error, please notify the sender immediately by telephone or email and destroy the original message without making a copy. Any use, copying, disclosure, and/or distribution of this email message and/or any files transmitted with it by someone other than the intended recipient(s) is prohibited. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this email message is intended to constitute an electronic signature and/or create an enforceable contract unless a specific statement to the contrary is included in this email message.

**From:** Matt Sichi <msichi@fdlegal.com>
**Sent:** Friday, March 17, 2023 2:03 PM
**To:** John J. Myers <JMyers@eckertseamans.com>; 'psmith@parsonsbehle.com' <psmith@parsonsbehle.com>
**Cc:** Kasey Diba, Esq. <kdiba@fdlegal.com>; Rosalyn Truong <Rtruong@fdlegal.com>; Engels J. Tejeda <EJTejeda@hollandhart.com>; Kody L. Condos <KLCondos@hollandhart.com>
**Subject:** [External] HIH v. Net Health - CONFIDENTIAL SETTLEMENT COMMUNICATIONS

John,
I hope this finds you well. I trust that you have had the opportunity to review and digest the March 9, 2023, ruling on your motion to dismiss. I would like to speak with you about next steps in this case—specifically whether we can secure a mutual walk-away with each party to bear their own costs and fees, in exchange for HIH waiving its right to an amendment or appeal. Please let me know your and your client's thoughts on this. I am available for a telephonic later today or this week to further discuss.

*The contents of this letter are protected pursuant to FRE Rule 408 and may not be introduced as evidentiary matter in any proceedings inclusive of trial, as it pertains to settlement. Nor does this letter constitute a complete or exhaustive statement of all my clients' rights, claims, contentions or legal theories and all contents of this letter are subject to further inquiry and investigation. Nothing stated herein is intended as, nor should be deemed to constitute a waiver or relinquishment of any of my clients' rights or remedies, whether legal or equitable, all of which are hereby expressly reserved.*

Best,
Matthew Sichi, Esq.
FINNEGAN & DIBA
A LAW CORPORATION
3660 Wilshire Blvd., Suite 800
Los Angeles, CA 90010
Tel: (213)480-0292
Fax: (213)480-0805
msichi@fdlegal.com

==================================
This message contains information which may be confidential and privileged.
Unless you are the addressee ( or authorized to receive for the addressee),
you may not use, copy, or disclose to anyone the message or any information
contained in the message. If you have received the message in error, please
advise the sender by reply email to msichi@fdlegal.com, and delete the message.
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized review, use, disclosure or
distribution is prohibited. If you are not the intended recipient, please contact the
sender by reply e-mail, and destroy all copies of the original message in accordance
with Rico vs. Mitsubishi Motors Corp. (2007) 42 Cal.4th 807, 817, 68 Cal.Rptr.3d 758.

*Prepared and submitted by*

Engels J. Tejeda (UT 11427)
Kody L. Condos (17186)
**HOLLAND & HART LLP**
222 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Telephone: (801)799-5800
EJTejeda@HollandHart.com
KLCondos@HollandHart.com

Kasey Diba (CA SBN 171081) *admitted pro hac vice*
Mathew Sichi (CA SBN 306165) *admitted pro hac vice*
**FINNEGAN & DIBA, A LAW CORPORATION**
3660 Wilshire Boulevard, Suite 800
Los Angeles, California 90010
Telephone: (213) 480-0292
KDiba@FDLegal.com
MSichi@FDLegal.com
***Attorneys for Plaintiff, Hope International Hospice, Inc.***

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| HOPE INTERNATIONAL HOSPICE, INC,<br><br>PLAINTIFF,<br><br>VS.<br><br>NET HEALTH SYSTEMS, INC.,<br><br>DEFENDANT. | **(PROPOSED) ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Case No. 2:22-cv-00656-DBB<br><br>Judge: Hon. David B. Barlow |

This matter, having come before the Court on the Stipulated Motion to Dismiss with Prejudice (the "Motion") of the parties through their counsel, and the Court being otherwise fully advised in the premises, orders as follows:

IT IS HEREBY ORDERED AND ADJUDGED that the Motion is granted, and that any and all claims against Defendant Net Health Systems, Inc., are dismissed with prejudice and in their entirety, without costs or fees to any party.

**IT IS SO ORDERED.**

Dated this ____ day of March, 2023.

**BY THE COURT:**

______________________________

Judge David B. Barlow

*Approved as to form:*

HOLLAND & HART LLP

______________________________

Engels J. Tejeda
Kody L. Condos
*Attorneys for Plaintiff*

PARSONS, BEHLE & LATIMER

______________________________

Paul R. Smith, Esq.
*Attorney for Defendant*

21142518_v1

Engels J. Tejeda (UT 11427)
Kody L. Condos (17186)
**HOLLAND & HART LLP**
222 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Telephone: (801)799-5800
EJTejeda@HollandHart.com
KLCondos@HollandHart.com

Kasey Diba (CA SBN 171081) *admitted pro hac vice*
Mathew Sichi (CA SBN 306165) *admitted pro hac vice*
**FINNEGAN & DIBA, A LAW CORPORATION**
3660 Wilshire Boulevard, Suite 800
Los Angeles, California 90010
Telephone: (213) 480-0292
KDiba@FDLegal.com
MSichi@FDLegal.com
***Attorneys for Plaintiff, Hope International Hospice, Inc.***

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| HOPE INTERNATIONAL HOSPICE, INC,<br><br>PLAINTIFF,<br><br>VS.<br><br>NET HEALTH SYSTEMS, INC.,<br><br>DEFENDANT. | **STIPULATED MOTION TO DISMISS WITH PREJUDICE**<br><br>Case No. 2:22-cv-00656-DBB<br><br>Judge: Hon. David B. Barlow |

Plaintiff Hope International Hospice, Inc. and Defendant Net Health Systems, Inc., jointly move the Court to dismiss the above-captioned civil action.

Plaintiff and Defendant have fully resolved their disputes in this matter and agreed to dismiss this civil action with prejudice, each party to bear its respective attorney's fees and costs.

**WHEREFORE**, the parties respectfully move the Court for entry of an order in the form concurrently filed dismissing the case.

DATED:

HOLLAND & HART LLP

______________________________
Engels J. Tejeda
Kody L. Condos
*Attorneys for Plaintiff*

DATED:

PARSONS, BEHLE & LATIMER

______________________________
Paul R. Smith, Esq.
*Attorney for Defendant*

21142519_v1

**SETTLEMENT AGREEMENT**
**AND GENERAL RELEASE OF ALL CLAIMS**

This Settlement Agreement and General Release of all Claims ("Agreement") is made and entered into by and between HOPE INTERNATIONAL HOSPICE, INC., a California corporation ("HIH"), on one hand, and NET HEALTH SYSTEMS, INC., a Pennsylvania corporation previously known as SYNAPTICA, INC., ("NET HEALTH") on the other hand for the purpose of settling any and all claims between them. All of the foregoing identified parties shall be collectively known herein as "The Parties."

**BACKGROUND**

Whereas, HIH entered into a Subscription Agreement with Hospice Management, LLC, a Utah limited liability company ("VENDOR") on or about March 11, 2013, as well as an End-User License Agreement (collectively "SUBSCRIPTION AGREEMENT"). VENDOR is NET HEALTH's predecessor in interest.

Whereas, under the SUBSCRIPTION AGREEMENT, VENDOR agreed to bill and collect payment for the hospice services provided by HIH from the patients' insurers, including Medicare/Medi-Cal, Medicaid, or other private insurance companies. Among others, Vendor's obligations under the Subscription Agreement included processing and submitting claims to the insurers, pursuing adjudication of any reimbursement dispute with the insurers, and negotiating the reimbursement rates payable by the insurers for the Services.

Whereas, a dispute has arisen over the SUBSCRIPION AGREEMENT wherein HIH contends that VENDOR failed to carry out its duties. NET HEALTH denies these claims.

Whereas, on October 12, 2022, HIH instated the action entitled *Hope International Hospice, Inc., v. Net Health Systems, Inc*., and bearing case number 2:22-cv-00656-DBB in in the United States District Court for the district of Utah ("THE ACTION").

Whereas on October 31, 2022, NET HEALTH moved to dismiss THE ACTION. After briefing, said motion was granted without argument on March 9, 2023, thereby dismissing the ACTION without prejudice, and granting HIH sixty (60) days leave to amend its complaint.

Whereas, in light of the March 9, 2023, ruling, the Parties wish to settle all claims and disputes between them without the need for further prosecution of the ACTION pursuant to the terms further set forth herein:

**AGREEMENT**

In consideration of the promises and covenants contained herein, and in consideration of other good and valuable consideration, the adequacy of which is hereby acknowledged, the Parties, and each of them, covenant and agree as follows:

**1. <u>Settlement and Consideration</u>.** In consideration of the executed terms and conditions of the agreement, the parties agree to settle any and all disputes between them as follows:

A. HIH agrees waive any and all right to amend its complaint in the ACTION or seek appeal of the March 9, 2023, order, and to dismiss the ACTION with prejudice. HIH agrees to cause to execute the Stipulated Motion to Dismiss attached hereto as **Exhibit A**, concurrent herewith.

B. The Parties agree that each party shall bear its own attorney's fees and costs arising from the ACTION and leading thereto.

**2. <u>Release by HIH in Favor of NET HEALTH.</u>** HIH and its respective affiliated entities, and the owners, members, managers, officers, agents, employees, insurers and attorneys release and absolutely and forever discharge NET HEALTH and its respective affiliated entities, and the owners, members, managers, officers, agents, employees, insurers and attorneys of NET HEALTH and of each affiliated entity ("RELEASEES"), of and from any and all claims, demands, damages, debts, liabilities, accounts, agreements, obligations, costs, expenses, liens, actions and causes of action of every kind and nature whether now known or unknown, suspected or unsuspected (collectively, "Matters Released by HIH"), which HIH now has, owns or holds or ever had, owned or held, or could, shall or may ever have, own or hold, based on, related to or by reason of the parties relationships through and including the date of this Agreement, representations, claimed statutory violations and any breached agreement (express, implied in fact or implied in law), tort, claim, lien, liability, matter, cause, fact, thing, act or omission whatever occurring or existing at any time up to and including the date of this Agreement.

A. However, regardless of the above, the Matters Released by HIH does not include any promises, covenants and obligations in this Agreement.

**3. <u>Release by NET HEALTH in Favor of HIH.</u>** NET HEALTH and its respective affiliated entities, predecessors and successors in interest, and the owners, members, managers, officers, agents, employees, insurers and attorneys of NET HEALTH and of each affiliated entity, release and absolutely and forever discharge HIH and its agents, employees, insurers and attorneys of and from any and all claims, demands, damages, debts, liabilities, accounts, agreements, obligations, costs, expenses, liens, actions and causes of action of every kind and nature whether now known or unknown, suspected or unsuspected (collectively, "Matters Released by NET HEALTH"), which NET HEALTH now has, owns or holds or ever had, owned or held, or could, shall or may ever have, own

or hold, based on, related to or by reason of the parties relationships through and including the date of this Agreement, representations, claimed misrepresentations, claimed statutory violations and any breached agreement (express, implied in fact or implied in law), tort, claim, lien, liability, matter, cause, fact, thing, act or omission whatever occurring or existing at any time up to and including the date of this Agreement.

A. However, regardless of the above, the Matters Released by the NET HEALTH do not include any promises, covenants and obligations in this Agreement.

**4. No Transfer.** Each party represents that he or she or it or they, has not assigned or transferred or purported to assign or transfer to any person not a party to this Agreement any released matter or any part or portion thereof.

**5. Dismissal of Action.** HIH agrees to file the Stipulated Motion to Dismiss with Prejudice, dismissing the Action with prejudice, within five (5) days of receipt of a fully executed Stipulation for Dismissal, which is attached hereto as **Exhibit A**.

**6. Unknown or Different Facts or Law.** The parties acknowledge that they may discover facts or law different from, or in addition to, the facts or law they know or believes to exist with respect to a Released Claim. The parties agree, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

**7. Representations.** The parties warrant that they are legally competent and/or authorized to execute this Agreement and have not relied on any statements or explanations in connection therewith. Moreover, the parties acknowledge that they are represented and advised by legal counsel regarding the terms of this Agreement, including the release of all claims and waiver of rights.

**8. Attorneys' Fees and Costs.** Each party to this Agreement shall bear his/her/its own attorneys' fees and costs.

**9. Waiver.** No provision of this Agreement may be waived unless in writing and signed by all the parties to this Agreement. Waiver of any one provision shall not constitute waiver of any other provision.

**10. Applicable Law.** This Agreement shall be construed and interpreted in accordance with the laws of the State of Utah.

**11. Modification or Amendment.** This Agreement or any of its provisions may be modified or amended only by written agreement of all the Parties to this Agreement.

**12. Knowledge, Capacity and Authority.** The parties represent and warrant that they each had the opportunity to have counsel explain the contents of this Agreement to them. The parties represent that they understand the contents of this Agreement and that they executed it knowingly and voluntarily and understands that after executing it they

cannot proceed against each other on account of the matters referred to herein. Each party to this Agreement represents and warrants that he has the authority and capacity to execute this Agreement.

**13. Execution and Delivery.** This Agreement may be executed and delivered in two or more counterparts, each of which when so executed and delivered shall be the original, but such counterparts together shall constitute but one and the same instrument.

**14. Cooperation.** The Parties agree to do all things necessary and to execute all further documents necessary and appropriate to carry out and effectuate the terms and purposes of this Agreement.

**15. Interpretation; Construction; Respondents' Right to Counsel.** The headings set forth in this Agreement are for convenience only and shall not be used in interpreting this Agreement.

This Agreement has been drafted by legal counsel representing HIH, but counsel for NET HEALTH has participated in the negotiation of its terms and drafting of the same.

All Parties acknowledge that he/she/it has/have had an opportunity to review and discuss each term of this Agreement with legal counsel and, therefore, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

**16. Entire Agreement.** This Agreement, and the exhibits thereto incorporates the entire understanding between the Parties and recites the whole consideration for the promises exchanged herein. It fully supersedes any and all prior agreements or understandings, written or oral, between the Parties hereto pertaining to the subject matter hereof. The terms of this Agreement are contractual and not mere recitals. This Agreement may not be amended or modified in any respect whatsoever except by a writing duly executed by the Parties, and the Parties agree that they shall make no claim(s) at any time that this Agreement has been orally amended or modified.

IN WITNESS WHEREOF, the undersigned have set their hands the day and year set forth below their respective signatures.

***SIGNATURES ON THE FOLLOWING PAGE***

***PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL CLAIMS KNOWN AND UNKNOWN.***

IN WITNESS WHEREOF the undersigned Parties do hereby execute this Agreement as of the Effective Date.

Dated: March ___, 2023 **Hope International Hospice, Inc.**

By:_______________________________________
Name:
Title:

Dated: March ___, 2023 **Net Health Systems, Inc.**

By:_______________________________________
Name:
Title: